**NOT FOR PUBLICATION** **CLOSED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JACK BENNY JONES**, Petitioner, | : | Civil Action No. 00-99 (FSH) |
| v. | : | **OPINION AND ORDER** |
| **STEVEN PINCHAK**, *et al.* Respondents. | : | August 16, 2007 |

**HOCHBERG, District Judge.**

This matter comes before this Court upon the United States Court of Appeals for the Third Circuit's Order granting Petitioner's Request for a Certificate of Appealability and vacating this Court's *sua sponte* dismissal of Petitioner's 28 U.S.C. §2254 Petition as time-barred under 28 U.S.C. §2244(d); the Court's May 22, 2007 Order to Show Cause; Respondents' July 2, 2007 letter to this Court; and Petitioner's July 9, 2007, July 10, 2007, and July 23, 2007 submissions to this Court.

## I. Background.

In April 1991, Petitioner was convicted in New Jersey Superior Court and was sentenced to an aggregate term of thirty years with thirty years parole ineligibility.[1] The New Jersey

[1] Petitioner was convicted of Second Degree Conspiracy to Commit Robbery under N.J.S.A. 2C: 5-2; First Degree Robbery under N.J.S.A. 2C: 15-1; Felony Murder under N.J.S.A. 2C:11-3a(3); Murder (amended to Aggravated Assault under N.J.S.A. 2C:11-3a(1); Third Degree Unlawful Possession of a Prohibited Weapon under N.J.S.A. 2C:39-3b; Third Degree Unlawful Possession of a Weapon under N.J.S.A. 2C:39-5c(1); and Second Degree Possession of a Weapon for an Unlawful Purpose under N.J.S.A. 2C:39-4a. *See* May 3, 1991 Judgment of

Superior Court Appellate Division affirmed Petitioner's conviction on December 13, 1993, and the New Jersey Supreme Court denied Petitioner's Petition for Certification on March 9, 1994. *State v. Jones*, 641 A.2d 1040 (N.J. 1994). Thereafter, Petitioner filed a *pro se* Petition for Post Conviction Relief ("PCR") in New Jersey Superior Court on May 15, 1996, which was denied on September 27, 1996 following an evidentiary hearing. The New Jersey Superior Court Appellate Division affirmed on February 4, 1998, and the Supreme Court denied certification on May 21, 1998. *State v. Jones*, 713 A.2d 499 (N.J. 1998).

Petitioner also filed a Notice and Complaint in Lieu of Prerogative Writ requesting a copy of Grand Jury transcripts and Voting and Attendance records on June 22, 1999 and then again on December 20, 2001 in Superior Court.[2] The Honorable Peter J. Vazquez considered Petitioner's June 22, 1999 Notice to be a PCR Petition and denied the Petition on July 27, 1999 because Petitioner filed it more than five years after his sentencing and did not provide evidence that the delay was caused by excusable neglect, as required by N.J. Court Rules, R. 3:22-1 and R. 3:22-12(a).[3] The Honorable F. Michael Giles also treated Petitioner's December 20, 2001 motion as a

---

Conviction.

[2] Petitioner filed the Notice pursuant to N.J. Court Rules, R. 3:6-5, which states "the clerk of the grand jury shall make and keep minutes of the proceedings of the grand jury as well as a record of the vote of each juror, by name, on each considered matter. If there is no clerk of the grand jury, the foreperson or another juror designated by the foreperson shall keep such a record. The record of the vote on every count of every indictment and on every presentment shall be filed with the clerk of the grand jury. The record shall not be made public except on order of the Assignment Judge."

[3] PCR Petitions are guided by N.J. Court Rules, R. 3:22-1 which states that "any person convicted of a crime may, pursuant to this rule, file with the criminal division manager's office of the county in which the conviction took place a petition for post-conviction relief captioned in the action in which the conviction was entered." The rule is read in conjunction with R. 3:22-12(a), which states "[no petition] shall be filed pursuant to this rule more than 5 years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that

Second PCR Petition and denied it as being time-barred on January 22, 2002. *See* January 22, 2002 Letter from Honorable F. Michael Giles. Petitioner appealed the January 22, 2002 decision, arguing that the Superior Court erred in treating his complaint as a PCR Petition. On July 18, 2003, the Appellate Division upheld the January 22, 2002 ruling in a *per curiam* decision. *State v. Jones*, Docket No. A-370-01T3 (N.J. Super. Ct. App. Div. July 18, 2003).

When Petitioner filed a *pro se* Petition with this Court on November 15, 1999, all appeals at the state court level had been exhausted. On January 19, 2002, this Court *sua sponte* dismissed Petitioner's 28 U.S.C. §2254 Petition as time-barred under 28 U.S.C. §2244(d).[4] Petitioner appealed this Court's *sua sponte* dismissal of his Petition as time-barred; the United States Court of Appeals for the Third Circuit granted Petitioner's Certificate of Appealability and remanded the case to this Court to "provide the parties notice of the District Court's intention to dismiss the petition under the AEDPA [The Antiterrorism and Effective Death Penalty Act of 1996] statute of limitations and to provide the parties with an opportunity to respond." *Jones v. Pinchak*, C.A. No. 02-1380. This Court issued an Order to Show Cause ordering Petitioner to show cause "why this Petition should not be dismissed under the AEDPA statute of limitations."

The New Jersey Supreme Court denied certification on his PCR Petition on May 21, 1998, and therefore Petitioner had until May 20, 1999 to file his habeas Petition in this Court. Petitioner filed his Petition on November 15, 1999, which was six months after the statutory

---

the beyond said time was due to defendant's excusable neglect."

[4] 28 U.S.C. §2244(d)(1)(A) states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

period had expired. Petitioner argues that his 28 U.S.C. §2254 Petition to this Court is not time-barred under 28 U.S.C. §2244(d) and that he is entitled to a tolling of the statute of limitations because the time he spent in solitary confinement from April 18, 1994 through March 15, 1995 was not subtracted from the time accrual calculation and that his Notice for Grand Jury documents should not have been considered a PCR Petition.

## **II. Legal Standard.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a statute of limitations period of one year to apply for a writ of habeas corpus challenging state court action. *See* 28 U.S.C. § 2244(d)(1). This period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The statute of limitations may be statutorily tolled during "the time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

On May 21, 1998, the New Jersey Supreme Court had already denied his PCR Petition, and Petitioner had no pending application for state post conviction review when he filed his Petition in this Court on November 15, 1999. Because statutory tolling provisions are inapplicable here, we next consider equitable tolling. In *Miller v. New Jersey State Dep't of Corr.*, the Third Circuit stated that "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" 145 F.3d 616, 618 (3d Cir. 1998) (quoting *Shendock v. Director, Office of Workers' Comp. Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990)). Plaintiff must show that he "exercised reasonable diligence in investigating and bringing [the] claims." *Id.* at 618-19 (citations omitted).

**III. Analysis.**

Equitable tolling "functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir. 1994). In *Jones v. Morton,* the Third Circuit stated that "AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas Petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Id.* However, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)

Petitioner alleges that he was misled when he submitted his Motion to the state court requesting Grand Jury documents because Judge Giles called the Motion a "second PCR," when Petitioner argues that it was actually a discovery motion. Petitioner also claims that he was prevented "in some extraordinary way" from asserting his rights.

After a thorough review of Petitioner's submissions, this Court concludes that Petitioner has not proffered facts which indicate that he was actively misled by Respondents or that he was prevented in some extraordinary way from asserting his rights. Petitioner makes blanket allegations without offering evidence that would show how he was misled or hindered in asserting his rights. The Third Circuit has held that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances

required for equitable tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir. 2001). *Compare Freeman v. Page,* 208 F.3d 572, 577 (7th Cir. 2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA only four months prior to the filing of the petition); *Taliani v. Chrans,* 189 F.3d 597, 598 (9th Cir. 1999) (finding lawyer's inadequate research, which led to miscalculating the deadline, did not warrant equitable tolling); *Seitzinger v. Reading Hosp. and Medical Ctr.,* 165 F.3d 236 (3d Cir. 1999) (finding that an attorney's deception, which caused a prisoner to miss the habeas filing deadline, merits equitable tolling).

Petitioner accuses Judge Giles of erroneously labeling his request for Grand Jury documents as a "second PCR." However, because the Supreme Court of New Jersey had already denied his PCR Petition on May 21, 1998, Petitioner only had until May 20, 1999 to file his Petition in federal court. Petitioner's 2001 request for Grand Jury documents, whether labeled a discovery request or a "Second PCR," does not affect in any way his late submission of his §2254 Petition, which had been filed two years before the 2001 motion in state court. Moreover, Petitioner does not explain how his time in solitary confinement from April 18, 1994 through March 15, 1995 affected his ability to file a Petition in this Court, insofar as his Section 2254 Petition was not due until May 20, 1999.

**IV. Conclusion.**

Petitioner has proffered insufficient facts to meet his burden of establishing a basis for equitable tolling. Petitioner's Petition is therefore time barred because it was filed six months after the applicable statute of limitations had expired. Accordingly, it is on this 16th day of August, 2007 **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. §2254 is **DENIED** and that this case is **CLOSED**.

/s/ Faith S. Hochberg

**HON. FAITH S. HOCHBERG, U.S.D.J.**